UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:19 CR 907 JAR / PLC |
| ) | |
| v. ) | |
| ) | |
| GERALD E. CARDWELL, JR., ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

On October 28, 2019, when he was charged by complaint, defendant GERALD E. CARDWELL, JR, came before the Court for a detention hearing on the motion of the United States that defendant be detained in the custody of the United States Marshals Service until trial under the Bail Reform Act of 1986, 18 U.S.C. § 3142.  (Doc. 4.)

In the complaint, filed on October 23, 2019, defendant was charged with distributing a controlled substance on July 26, 2019, with death resulting, in violation of 21 U.S.C. § 841(a).  In the October 28, 2019, proceedings a detention hearing was held and the preliminary hearing on the complaint was reset to November 8, 2019.

On October 31, 2019, the grand jury filed its indictment in this case, thereby supplanting the complaint.  The indictment charges defendant in one count with distributing a controlled substance on July 26, 2019, with the death of R. L. resulting, in violation of 21 U.S.C. § 841(a) and (b)(1)(C).  The maximum statutory penalty upon conviction includes confinement for not less than 20 years.

At the detention hearing, regarding the written Pretrial Services bail report (Doc. 11), defense counsel clarified the report only to state that defendant resides with his father and a niece and a nephew, instead of the bail report's statement that he resides with

two nieces. Otherwise, no party disputed the facts set forth in the written bail report filed by the Pretrial Services Office on October 24, 2019 (Doc. 11). Therefore, the Court adopts and incorporates by reference into this Order the facts set forth in the bail report. In the report, the Pretrial Services Office recommends that defendant be detained until trial.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption for detention. The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

18 U.S.C. § 3142(e)(3)(A), (B). Such is this case, because of the federal grand jury found probable cause to believe defendant committed the qualifying offense charged in the indictment.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the Court must consider Congress's finding that drug

2

traffickers pose special risks of flight and danger to the community. Throughout all, the government retains the burden of proof described above. *Id.* And the defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j).

When considering whether a defendant has rebutted the statutory presumption for detention, the Court must consider any substantial evidence in the record that militates against pretrial detention. *United States v. Cirksena*, 749 Fed. Appx. 488 (8th Cir. 2019). Such evidence might involve the Pretrial Service Officer's recommendation for release on conditions, the defendant's age and the fact that, despite a long history of marijuana use, defendant has a limited non-violent criminal history that involved no crime of violence and successful completion of periods of probation supervision. *Id.* at 488-89.

Ultimately, the issue of detention or release is determined by whether defendant falls within "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions not the prospect of revocation of release can reasonably assure the safety of the community or other persons." *Id.* 489-90 (quoting *United States v. Warren*, 787 F.2d 1237, 1239 (8th Cir. 1986).

Also, in deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009). The factors to be considered by the Court include the nature and circumstances of the offense alleged, the weight of the evidence against the defendant, his history and personal background, whether at the time of the offense he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community. 18 U.S.C. § 3142(g).

From the bail report and the other information provided to the Court, the Court makes the following findings. Defendant Gerald Cardwell is 48 years of age. He was born in St. Louis and has been a lifelong resident of this area. He reported that he resides

3

with his father and a niece and nephew.  He has a sporadic employment history.  He reported a significant substance use history of alcohol weekly, marijuana occasionally, cocaine weekly, and fentanyl daily.  He is disabled under the Social Security Act.

The circumstances of the instant federal offense, supported by very substantial evidence, as described in the federal complaint affidavit, indicate that the alleged decedent was found deceased from an overdose in a local casino hotel on July 26, 2019. Defendant also had been staying at the hotel and, when he checked out, advised the clerk that his friend (decedent) was still sleeping and that he should not be awakened. Nevertheless, the hotel personnel attempted to wake the individual but he did not respond.  A video shows defendant driving the deceased's vehicle and earlier directing him to his hotel room.  A friend of defendant told the police that defendant is a distributor of fentanyl.  Defendant himself was located by law enforcement unconscious on the casino bathroom floor.  At his feet was a bag of fentanyl capsules.  Further, a confidential source advised the complaint affiant that defendant had told the source that he or she would be killed (by defendant or someone else) if he or she provided information to the police. (Doc. 1.)

Upon the record before it, the Court concludes that defendant has not rebutted the statutory presumption for detention.  The facts set out in the sworn affidavit filed in support of the complaint occurred while defendant was on probation supervision in two Missouri state cases in which he pled guilty to drug trafficking.  The facts argued by defendant as rebutting the presumption for detention, including defendant having a family to reside with, do augur for release on conditions, because they were insufficient to prevent defendant from violating his probation supervision by continuing to be a substantial fentanyl trafficker whose criminal activity resulted in the death of an individual.

Even without the presumption, the Court finds and concludes by clear and convincing evidence, from the entire record, that the release of defendant GERALD E.

4

CARDWELL, JR.,  upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the safety of the community and will not reasonably assure the defendant's continued appearance in Court as required.  18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant GERALD E. CARDWELL, JR be detained (Doc. 4) **is sustained.**  Defendant is committed to the custody of the United States Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____/s/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 12, 2019.